IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENDRICK COOK-BEY, #174 046, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-307-WHA |
| | ) | [WO] |
| CAMILLE LUCKIE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Plaintiff's request for a preliminary injunction. Doc. 43. Plaintiff states that he arrived at the Limestone Correctional Facility on November 21, 2018. He seeks to enjoin correctional officials at Limestone from destroying various papers and legal material he could not mail home by December 21, 2018 and from retaining certain items of his religious property. Upon review, the court concludes the motion for preliminary injunction is due to be denied.

### **I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if a plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*,

147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1354–55 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations marks omitted); *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (holding that the grant of a preliminary injunction "is the exception rather than the rule," and the movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Ch. of Assoc. Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)).

## II. DISCUSSION

The court has reviewed Plaintiff's request for a preliminary injunction and finds that the request for injunctive relief is inappropriate since the injunction he seeks is not

requested or related to the claim in this case and appears to have arisen during the pendency of this action. *See Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Westbank Yellow Pages v. BRI, Inc.*, 1996 WL 255912, at *1 (E.D. La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."). The requested injunctive relief plainly concerns matters outside the issues in the complaint.

Moreover, even if Plaintiff could establish the propriety of his request for preliminary injunctive relief, his request is devoid of any allegation that he will suffer specific and irreparable harm if an injunction is not issued in this matter.[1] To establish irreparable injury Plaintiff must show that he will suffer harm that "cannot be redressed by a legal or an equitable remedy" through the ordinary course of litigation.[2] *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3rd Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Finally, it is impossible to determine form the pleadings precisely what Plaintiff's requested relief would entail, preventing the court from determining what burden an injunction would have on the Alabama Department of Corrections and whether issuing one would harm the public interest. For all of these reasons, issuing a preliminary injunction is not warranted.

---

[1] Plaintiff is advised that the instant case is pending on his complaint, Defendants' written report, and Plaintiff's opposition. No additional pleadings are necessary to a determination of the issues presented.
[2] If Plaintiff seeks to challenge the conduct or actions of correctional officials at the Limestone Correctional Facility, he is free to file a new civil action.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction (Doc. 43) be DENIED; and

2. This case be referred to the undersigned for additional proceedings.

It is further ORDERED that **on or before March 5, 2019**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 19th day of February, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE